Electronically Filed - Polk - November 03, 2022 - 12:58 PM

**IN THE CIRCUIT COURT OF POLK COUNTY, MISSOURI**

| | | |
|---|---|---|
| CASEY MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| SOUTHWEST BAPTIST UNIVERSITY, | ) | |
| *Serve University President at*: | ) | JURY TRIAL DEMANDED |
| Richard Melton | ) | |
| 1600 University Ave. | ) | |
| Bolivar, MO 65613 | ) | |
| | ) | |
| Defendant, | ) | |

**PETITION**

COMES NOW Plaintiff, Casey Martin, by and through his attorneys of record, Hall Ansley, P.C., and for his cause of action against Southwest Baptist University, states, alleges and avers to the Court as follows:

**PARTIES**

1.      Plaintiff Casey Martin ("Martin" or "Plaintiff") is a resident of Lebanon, Laclede County, Missouri.

2.      Defendant Southwest Baptist University ("SBU") is a nonprofit corporation created for benevolent purposes pursuant to Chapter 352 of the Revised Statutes of Missouri ("RSMo").

3.      SBU is authorized to conduct business in the state of Missouri.  SBU may be served by serving its President, Richard Melton, at the address listed in the caption.

4.      Martin was an employee of SBU and worked in Polk County, Missouri.

5.      Martin worked full-time for SBU from 2012 until he was constructively discharged in May 2022. Martin's last day of employment was May 20, 2022.

1

**EXHIBIT A**

Electronically Filed - Polk - November 03, 2022 - 12:58 PM

6.  Over approximately the last seven years of Martin's employment with SBU, his job duties consisted of preparing the fields and/or gym for events, getting tickets and concessions set up, setting up pylons for football, corner flags for soccer, benches for basketball, and painting lines for outdoor events. Martin would also help set up tents for cross country or other events, along with mowing fields, fertilizing, aerating, weed eating, edging, and over-seeding areas. Martin's care of the grounds constituted his primary duty and extended to the football field, areas next to the football field, the baseball, softball, two soccer, small intramural fields and adjoining property, as well as the track and field area. Finally, Martin also served as an assistant to the head baseball coach.

7.  During his employment, SBU classified Martin as an exempt salaried employee, failing and refusing to compensate him for working in excess of forty (40) hours per week.

8.  To the best of Martin's knowledge, other persons providing working on SBU's fields, grounds and facilities, as well as assistant coaches, were paid as hourly, non-exempt employees of the University.

## JURISDICTION

9.  Jurisdiction of this action is conferred on this Court by Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), amended (29 U.S.C. § 216(b)).

10.  Jurisdiction and venue are also appropriate in this Court as Plaintiff was employed in Bolivar, Polk County, Missouri and damages were first sustained in this Polk County.

11.  Martin has consented to the filing of this action. Said Consent is attached hereto as Exhibit "A".

Electronically Filed - Polk - November 03, 2022 - 12:58 PM

**GENERAL ALLEGATIONS**

12.     At all times relevant, SBU has been, and continues to be, an employer engaged in an "Enterprise" and/or "Enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203 in that SBU operates an institution of higher education.  *See* 29 U.S.C. § 203(r)(2)(A) and 29 U.S.C. § 203(s)(1)(B).  Further, at all times relevant, SBU has employed and/or continues to employ individuals like the Plaintiff.

13.     The primary job of Martin was manual labor in the maintenance of grounds and facilities, including set up and tear down for events.  The job duties of Martin were consistent with those of a maintenance personnel and thus Martin was entitled to overtime pursuant to the FLSA. *See* Wage and Hour Opinion Letter, U.S. Dept. of Labor, (DOL Wage-Hour October 11, 2005).

14.     Since at least 2014, SBU had misclassified Martin as an exempt salaried employee and did not pay Plaintiff overtime pay for any hours worked in excess of forty (40) hours in a workweek.

15.     Because Martin did not satisfy the criteria for an exempt employee, Martin should have been classified as a non-exempt employee, thereby making him eligible for overtime when he worked more than forty (40) hours per week.  In this respect, SBU misclassified Martin for compensation purposes.

16.     SBU failed to accurately record the actual time worked by Martin.  However, SBU could have easily and accurately recorded the actual time worked by Martin.

17.     In light of the failure of SBU to accurately record time worked by Martin, SBU failed to provide accurate wage statements to Martin.

18.     Martin consistently worked more than forty (40) hours per week over the past three years cleaning and maintaining fields/lawns/facilities as well as setting up and tearing down for

events. Overtime hours included, but are not necessarily limited to, the dates and times of events Martin worked and which are described in Exhibit "B," attached hereto and incorporated by reference herein.

19.    Further, Martin consistently worked more than forty (40) hours per week over the past three years as an assistant to the head baseball coach. Overtime hours related to this work include, but are not necessarily limited to, the dates and times of events Martin worked and which are described in Exhibit "C," attached hereto and incorporated by reference herein.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

COME NOW Plaintiff, Casey Martin, by and through his attorneys of record, Hall Ansley, P.C., and for Count I of his cause of action against SBU, states, alleges and avers to the Court as follows:

20.    Plaintiff restates, re-alleges and re-avers herein all preceding paragraphs of this Petition as though they were fully set forth herein.

21.    Martin was employed SBU and served the university by performing field maintenance, event preparation and manual labor/service work.

22.    SBU misclassified Martin and failed to properly pay him overtime compensation from the date he was hired until the date of his separation.

23.    The policy and practice of SBU misclassifying Martin and denying Martin overtime compensation violates the FLSA.

24.    SBU failed to compensate Martin at a rate of not less than one and one-half times the regular rate of pay for worked performed in excess of forty hours in a work week, and therefore, SBU has violated the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. § 207(a)(1).

4

25. On information and belief, SBU knew it had mis-categorized Plaintiff as an exempt employee or, in the alternative, acted with reckless disregard to Plaintiff's rights when it categorized Plaintiff as an exempt employee.

26. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C §255(a).

27. Plaintiff has been damaged to the extent of his unpaid overtime compensation for the three (3) years prior to filing of this action.

28. Plaintiff is entitled to additional liquidated damages equal to the amount of his unpaid wages and his unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

29. Plaintiff has incurred attorneys' fees and costs in bringing this action.

30. Plaintiff is entitled to damages for his attorneys' fees and costs in bringing this action pursuant to 29 U.S.C. § 216(b).

31. Plaintiff has consented in writing to being a party to this action. Said consent has been attached hereto and labeled as Exhibit A.

WHEREFORE Plaintiff prays for judgment against SBU equal to his unpaid wages and unpaid overtime through the date of trial, for liquidated damages pursuant to 29 U.S.C. § 216(b), for attorneys' fees, costs, interest on any judgment, and such other and further relief as this Court shall deem just and proper under the circumstances.

## COUNT II – VIOLATIONS OF MISSOURI WAGE LAW

COMES NOW Plaintiff, Casey Martin, by and through his attorneys of record, Hall Ansley, P.C., and for Count II of his cause of action against SBU, states, alleges and avers to the Court as follows:

32.     Plaintiff restates, re-alleges and re-avers herein all preceding paragraphs of this Petition as though they were fully set forth herein.

33.     Plaintiff has been entitled to the rights, protections and benefits provided under the Missouri Wage Law ("MWL"), codified at RSMo. § 290.500 et seq.

34.     SBU was the "employer" of Plaintiff pursuant to the MWL.

35.     Plaintiff was SBU' "employee" within the meaning of the MWL.

36.     As set forth herein, SBU illegally classified and/or treated Plaintiff as exempt, and thus failed to pay Plaintiff the overtime required by Missouri law.

37.     Pursuant to the MWL, Plaintiff is entitled to be compensated at a rate of not less than one and one-half times his regular rate of pay for all work performed in excess of forty (40) hours in a workweek.

38.     SBU had a pattern and practice of violating the MWL by refusing and failing to pay Plaintiff overtime wages as required by the MWL.

39.     Plaintiff is entitled to damages equal to double all unpaid overtime wages due within the two (2) years preceding filing of this Petition, plus and periods of tolling.

40.     Plaintiff is entitled to post-judgement interest at the applicable legal rate.

41.     SBU is liable for Plaintiff's attorney fees and costs/expenses pursuant to RSMo. § 290.527.

WHEREFORE, Plaintiff prays for his unpaid wages and overtime for the two (2) years preceding the filing of this action, for liquidated damages, for post-judgment interest, for his attorney fees, for the costs of bringing this action, and for such other and further relief as deemed appropriate by this Court.

HALL ANSLEY,
A Professional Corporation

By: /s/ *Benjamin A. Stringer*
      BENJAMIN A. STRINGER
      Missouri Bar Number 50415
      TIMOTHY A. RICKER
      Missouri Bar Number 62050

3275 East Ridgeview
Springfield, MO  65808
Telephone:    417/890-8700
Facsimile:    417/890-8855
Email: bstringer@hallansley.com
Email: tricker@hallansley.com

 *Attorneys for Plaintiff*

7

Electronically Filed - Polk - November 03, 2022 - 12:58 PM

### IN THE CIRCUIT COURT OF POLK COUNTY, MISSOURI

CASEY MARTIN,                                    )
                                     )
               Plaintiffs,         )
                                     )
     vs.                            )     Case No. _____
                                     )
SOUTHWEST BAPTIST UNIVERSITY,      )
*Serve at*:                           )     JURY TRIAL DEMANDED
                                     )
                                   )
            Defendant,      )

### CONSENT

I, Casey Martin, hereby consent to being named as a party-plaintiff in the above captioned

case.

_____
CASEY MARTIN

Subscribed and sworn before me this __31__ day of __October__, 2022.

_____
Notary Public

My commission expires:

ANGIE DEMSHAR
My Commission Expires
March 23, 2023
Greene County
Commission #15467658

Electronically Filed - Polk - November 03, 2022 - 12:58 PM

**Soccer 2019-2020**

August 17
- 4 – 10 (6 hours)

August 24
- 5 – 8:30 (3.5 hours)

September 5
- 6:30 – 10 (3.5 hours)

September 7
- 6 – 9:30 (3.5 hours)

September 8
- 1 – 4:30 (3.5 hours)

September 13
- 4 – 7:30 (3.5 hours)

September 15
- 11 – 2:30 (3.5 hours)

September 27
- 3:30 – 10 (5 hours)

September 28
- 11 – 5 (6 hours)

October 4
- .5 hours

October 6
- 11 – 5 (6 hours)

October 18
- .5 hours

October 20
- 11 – 5 (6 hours)


**TOTAL = 51 Hours**

Exhibit B

Electronically Filed - Polk - November 03, 2022 - 12:58 PM

## <u>Soccer 2020-2021</u>

March 7
- 11 – 5 (6 hours)


## TOTAL = 6 Hours

Electronically Filed - Polk - November 03, 2022 - 12:58 PM

# **Soccer 2021-2022**

August 17
- 5 – 7:30 (2.5 hours)

August 21
- 1 – 4:30 (3.5 hours)

August 28
- 6 – 9:30 (3.5 hours)

September 4
- 1:30 – 5 (3.5 hours)

September 9
- 6 – 9:30 (3.5 hours)

September 19
- 11 – 5 (6 hours)

October 1
- 5 – 10 (5 hours)

October 3
- 11 – 5 (6 hours)

October 15
- 5 – 10 (5 hours)

October 17
- 11 – 5 (6 hours)

October 31
- 11 – 5 (6 hours)


**TOTAL = 50.5 Hours**

Electronically Filed - Polk - November 03, 2022 - 12:58 PM

# **Basketball 2019-2020**

November
- 6 – 10 (4 hours)

November 12
- 5 – 10 (5 hours)

November 16
- 5 – 9 (4 hours)

November 19
- 6 – 9:30 (3.5 hours)

November 23
- 12:30 – 6 (5.5 hours)

November 26
- 12 – 3:30 (3.5 hours)

January 9
- 5 – 10 (5 hours)

January 11
- 12 – 6 (6 hours)

January 20
- 5 – 10 (5 hours)

January 30
- 5 – 10 (5 hours)

February 6
- 5 – 10 (5 hours)

February 20
- 5 – 10 (5 hours)

February 27
- 5 – 10 (5 hours)

## **TOTAL = 61.5 Hours**

Electronically Filed - Polk - November 03, 2022 - 12:58 PM

# **Basketball 2020-2021**

January 2
- 12 – 6 (6 hours)

January 6
- 5 – 10 (5 hours)

January 12
- 5 – 6 (1 hour)

January 21
- 5 – 9 (4 hours)

January 23
- 12 – 6 (6 hours)

February 4
- 5 – 9 (4 hours)

February 6
- 12 – 6 (6 hours)

February 11
- 5 – 8 (3 hours)

February 18
- 5 – 10 (5 hours)

February 20
- 12 – 6 (6 hours)

March 3
- 5 – 8:30 (3.5 hours)


**TOTAL = 49.5 hours**

Electronically Filed - Polk - November 03, 2022 - 12:58 PM

# **Basketball 2021-2022**

November 16
- 6 – 9:30 (3.5 hours)

November 18
- 5 – 8:30 (3.5 hours)

November 20
- 12 – 3:30 (3.5 hours)

November 23
- 4:30 – 10 (5.5 hours)

November 29
- 4:30 – 10 (5.5 hours)

December 4
- 12 – 6 (6 hours)

December 30
- 2 – 8 (6 hours)

January 4
- 5 – 8 (3 hours)

January 13
- 5 – 8 (3 hours)

January 24
- 5 – 8:30 (3.5 hours)

January 27
- 5 – 10 (5 hours)

January 29
- 12 – 6 (6 hours)

January 31
- 5 – 8:30 (3.5 hours)

February 10
- 5 – 10 (5 hours)

February 12
- 12 – 6 (6 hours)

February 24
- 5 – 10 (5 hours)

February 26
- 12 – 3:30 (3.5 hours)

February 28
- 5 – 8 (3 hours)

## **TOTAL = 80 Hours**

Electronically Filed - Polk - November 03, 2022 - 12:58 PM

## Football 2019

September 14
- 5 – 10 (5 hours)

October 12
- 12 – 5 (5 hours)

October 19
- 12 – 5 (5 hours)

November 16
- 12 – 5 (5 hours)


## TOTAL = 20 Hours


## Football 2021

September 4
- 11 – 7 (8 hours)

September 18
- 12 – 5 (5 hours)

October 2
- 12 – 7 (7 hours)

October 16
- 12 – 5 (5 hours)

October 30
- 12 – 5 (5 hours)

November 13
- 12 – 5 (5 hours)


## TOTAL = 35 Hours

Electronically Filed - Polk - November 03, 2022 - 12:58 PM

**2019-20**

| Date | Type | Hours | Notes |
|---|---|---|---|
| 8.24 | Kids Camp | 3 Hours | |
| Morning Conditioning | 20 Times | 20 Hours | |
| 8.25-31 | Group Work | 2 Hours | |
| 9.1-9.7 | Group Work | 2 Hours | |
| 9.8-9.14 | Group Work | 2 Hours | |
| 9.15-9.21 | Practice | 10 Hours | **Includes game at Drury |
| 9.22-9.28 | Practice | 5 Hours | |
| 9.29-10.5 | Practice | 10 Hours | **Includes game at MSSU |
| 10.6-10.12 | Practice | 8 Hours | **Includes game vs Ft. Scott |
| 10.13-10.19 | Practice | 8 Hours | **Includes game vs Ft. Scott |
| 10.20-10.26 | Practice | 10 Hours | |
| 10.27-11.2 | Practice | 6 Hours | **Finished up fall workouts |
| 11.3-11.9 | Group Work | 2 Hours | |
| 11.10-11.17 | Group Work | 2 Hours | |
| | | | |
| 1.10-1.11 | Practice | 3 Hours | |
| 1.12-1.18 | Practice | 8 Hours | |
| 1.19-1.25 | Practice | 8 Hours | |
| 1.26-2.1 | Practice/Games | 14 Hours | **Trip to Memphis |
| 2.2-2.8 | Practice/Games | 14 Hours | **Trip to Searcy |
| 2.9-2.15 | Practice Games | 14 Hours | **Field work on Saturday to play Sunday/Monday |
| 2.16-2.22 | Practice/Games | 20 Hours | **Included Sunday/Saturday DH |
| 2.23-2.29 | Practice/Games | 12 Hours | **DH Sat |
| 3.1-3.7 | Practice/Games | 16 Hours | **Single game Sunday/Trip to St. Charles w/ DH Saturday |
| 3.8-3.14 | Practice/Games | 8 Hours | **Game and trip home from St. Charles/Covid |
| | | 207 Hours | |

**2020-21**

| Date | Type | Hours | Notes |
|---|---|---|---|
| 9.13-9.19 | Practice | 3 Hours | |
| 9.20-9.26 | Practice | 3 Hours | |
| 9.27-10.3 | Practice | 3 Hours | |
| 10.4-10.10 | Practice | 2 Hours | |
| 10.11-10.17 | Practice | 5 Hours | |
| 10.18-10.24 | Practice | 8 Hours | Night Practices |
| 10.25-10.31 | Practice | 8 Hours | Night Practices |
| 11.1-11.7 | Practice | 8 Hours | Night Practices |
| 11.8-11.14 | Practice | 5 Hours | |
| | | | |
| 1.24-1.30 | Practice | 8 Hours | |
| 1.31-2.6 | Practice | 10 Hours | **Includes game at Pitt State |
| 2.7-2.13 | Practice | 8 Hours | |
| 2.14-2.20 | Practice | 10 Hours | **Includes game at Drury |
| 2.21-2.27 | Practice | 10 Hours | **Includes game at Drury |
| 2.28-3.6 | Season | 20 Hours | **Includes Fri/Sat DH |
| 3.7-3.13 | Season | 5 Hours | **Weekend Games Rained Out |
| 3.14-3.20 | Season | 20 Hours | **Included Mid-Week DH and at McKendree |
| 3.21-3.27 | Season | 25 Hours | **Sunday games/Friday night/Sat DH |
| 3.28-4.3 | Season | 16 Hours | **Sunday game, Friday night at WJ, Sat single game |
| 4.4-4.10 | Season | 14 Hours | **Mid-week DH, Friday rain out, Sat work at field |
| 4.11-4.17 | Season | 24 Hours | **Sunday DH, Monday Athletics Event, Friday/Sat games |
| 4.18-4.24 | Season | 20 Hours | **Sunday game and travel, Sat Field Work |
| 4.25-5.1 | Season | 18 Hours | **Sunday DH, Friday Road Game, Sat DH |
| 5.2-5.8 | Season | 24 Hours | **Sunday game, TH Night, FR DH, Sat Single 9 |
| Morning Cond | | 20 Hours | **20 Times |
| | | 297 Hours | |

**2021.22**

| Date | Type | Hours | Notes |
|---|---|---|---|
| Morning Conditioning | 20 Times | 20 Hours | |
| 8.22-8.28 | Practice | 2 Hours | |
| 8.29-9.4 | Practice | 8 Hours | **Friday Scrimmage |
| 9.5-9.11 | Practice | 8 Hours | **Monday Night Practice/Tuesday Scrimmage |
| 9.12-9.18 | Practice | 5 Hours | |
| 9.19-9.25 | Practice | 8 Hours | |
| 9.26-10.2 | Practice | 8 Hours | **Tuesday Scrimmage |
| 10.3-10.9 | Practice | 8 Hours | **Fall Break/2 games vs MSSU |
| 10.17-10.23 | Group Work | 2 Hours | |
| 10.24-10.30 | Group Work | 2 Hours | |
| 10.31-11.6 | Group Work | 2 Hours | |
| 11.7-11.13 | Group Work | 2 Hours | |
| 11.14-11.19 | Group Work | 2 Hours | |
| 11.28 | Kids Clinic | 4 Hours | |
| 1.16-1.22 | Practice | 8 Hours | |
| 1.23-1.29 | Practice | 8 Hours | |
| 1.30-2.5 | Practice | 8 Hours | |
| 2.6-2.12 | Practice | 8 Hours | |
| 2.13-2.19 | Practice | 8 Hours | **Saturday Field Work |
| 2.20-2.26 | Season | 22 Hours | **Sunday/Monday DH; Took Next Weekend Off |
| 2.27-3.5 | Season | 15 Hours | **Mid-Week at Pitt State; Friday DH; Sat game |
| 3.6-3.12 | Season | 18 Hours | **Sunday Game, TH DH |
| 3.13-3.19 | Season | 30 Hours | **Sunday Road DH; TH-Sat Games |
| 3.20-3.26 | Season | 12 Hours | **Friday night game, Sat DH |
| 3.27-4.2 | Season | 24 Hours | **Sunday game, Friday night game, Sat DH |
| 4.3-4.9 | Season | 24 Hours | **Sunday game, Friday night game, Sat DH |
| 4.10-4.16 | Season | 24 Hours | **Sunday game, Th game, Fr game, Sat DH, Drove Vans |
| 4.17-4.23 | Season | 20 Hours | **Friday/Sat DH |
| 4.24-4.30 | Season | 12 Hours | **Friday night game, Sat DH |
| 5.1-5.7 | Season | 20 Hours | **Sunday Game, Friday Night, Sat DH |
| 5.8 | Season | 5 Hours | **Sunday Game |
| | | 347 Hours | |

Exhibit C



# IN THE 30TH JUDICIAL CIRCUIT, POLK COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL O'BRIEN HENDRICKSON | **Case Number: 22PO-CC00080** |
| Plaintiff/Petitioner:<br>CASEY L MARTIN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN A STRINGER<br>3275 E RIDGEVIEW ST<br>SPRINGFIELD, MO 65804 |
| Defendant/Respondent:<br>SOUTHWEST BAPTIST UNIVERSITY | Court Address:<br>102 E BROADWAY ST<br>BOLIVAR, MO 65613 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  SOUTHWEST BAPTIST UNIVERSITY**
                               **Alias:**

RICHARD MELTON
1600 UNIVERSITY AVE
BOLIVAR, MO 65613

*COURT SEAL OF*

*POLK COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| | |
|---|---|
| 11/3/22 | /S/ PAM BOWERS |
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server                           Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                          Date                                    Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 22-SMCC-883**   1 of 1 (22PO-CC00080)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03313-MDH   Document 1-1   Filed 12/09/22   Page 17 of 18

# IN THE CIRCUIT COURT OF POLK COUNTY, MISSOURI

| | | |
|---|---|---|
| CASEY MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22PO-CC00080 |
| | ) | |
| SOUTHWEST BAPTIST UNIVERSITY, | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant, | ) | |

## ACKNOWLEDGMENT AND WAIVER OF NECESSITY
## OF SERVICE OF PROCESS BY OFFICER

TO: Plaintiffs c/o Hall Ansley, P.C.
3275 East Ridgeview
Springfield, Missouri 65804.

The enclosed Summons and Petition are served pursuant to Missouri Supreme Court Rule 54.16.

You may sign and date the acknowledgment part of this form and return one copy of the completed form to the sender within thirty days of November 9, 2022.

If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign the acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Petition.

I DECLARE, UNDER PENALTY OF PERJURY, THAT THIS NOTICE WAS EMAILED ON _____5t_____ day of ___December___ 2022.

By: _____
Daniel K. Wooten, *Outside General Counsel*
Neale & Newman
2144 E. Republic Rd. F-302
Springfield MO 65804

1

Case 6:22-cv-03313-MDH   Document 1-1   Filed 12/09/22   Page 18 of 18