# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CASEY MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:22-cv-03313-MDH |
| ) | |
| SOUTHWEST BAPTIST UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before this Court is the parties' Joint Motion for Approval of Settlement. Plaintiff filed his Petition on November 3, 2022 for damages under the Fair Labor Standards Act ("FLSA") wherein he alleged that he was not properly compensated for overtime due to being misclassified as exempt.

Plaintiff sought compensation from Defendant for one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a work week.

The Petition was removed to federal court by Defendant ("Complaint") and Plaintiff later filed an Amended Complaint. Defendant answered the Complaint and denied liability or wrongdoing of any kind.

The parties exchanged the initial required discovery disclosures starting in January 2023 and then both parties propounded additional discovery including Interrogatories and Requests for Production of Documents. Defendant submitted requests for admissions and took Plaintiff's deposition.

The parties attempted mediation unsuccessfully on February 24, 2023. After the exchange of meritorious discovery, on September 21, 2023, the parties engaged in mediation where a settlement was achieved.

The parties reached a settlement before the deadline for the filing of dispositive motions.

The proposed Settlement in Exhibit 1 attached to the parties' Joint Motion for Approval of Settlement provides a total settlement payment to Plaintiff in the amount of $39,000.00, with $15,600.00 allocated as attorneys' fees, $1,161.76 for Plaintiff's litigation expenses, $11,119.12 as unpaid overtime, and $11,119.12 as liquidated damages. That amount represents full compensation to Plaintiff at his regular rate for all estimated overtime hours. Based on Defendant's estimates, the Settlement provides not only full compensation to Plaintiff, but also liquidated damages in an equal amount. One-half of the settlement payment will be subject to normal payroll deductions and litigation expenses will also be deducted. The remaining portion of the settlement payment will be subject to 1099 reporting as liquidated damages. Attorney's fees and expenses will be paid separately.

The Eighth Circuit has not squarely decided the issue whether district courts are required to review and approve private FLSA settlements. *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("[W]e recognize an apparent circuit split as to whether private settlements relating to FLSA claims require district court review.") The Western District of Missouri, however, has held that "a court must review any proposed FLSA settlement before entering a stipulated judgment." *Montez-Freeman v. B & C Rest. Corp.*, 2015 WL 4425716 at *2 (W.D. Mo. July 20, 2015).

The resultant approach by the District Courts has been one of pragmatism: "because declining to review the proposed settlement agreement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness." *King, e.t al., v. Raineri Constr., LLC, et. al.*, 2015 WL 631253 *2 (E.D. Mo. 2015); *see also Van Winkle v. Mick Keane's Express Delivery Serv., Inc.*, 2022 WL 1122721 (E.D. Mo. 2022). Keeping with *King*,

and the subsequent line of cases, this Court finds it prudent to review the parties' settlement to determine whether it is fair and reasonable rather than leave these parties in an uncertain position.

In so reviewing the proposed Settlement, this Court determines that the matter "involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *King*, at \*2. The Court finds that the settlement reflects a reasonable compromise of issues in dispute as employees cannot wave their entitlement to FLSA overtime pay. *Id*. The Court has taken into consideration the "totality of the circumstances" and considered factors including "the state of the litigation and amount of discovery exchanged, the experience of counsel, the probability of Plaintiff's success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case." *Id*. With respect to review and approval of attorney's fees in a private FLSA matter, "there is a greater range of reasonableness for approving attorney's fees" when the fee was settled through party negotiations. *Id*. at \*3 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp 2d 332, 336 (S.D.N.Y 2012).

The Court finds that the proposed Settlement reached in this matter fits the requirements for the Court's approval of private FLSA claims and that the "totality of the circumstances" supports the conclusion that the parties' arm's-length negotiated agreement is fair and equitable to all parties. Several factors support this conclusion: the parties engaged in significant meritorious discovery consisting of documents exchanged and other discovery items. Counsel for both parties are experienced and well-versed with FLSA claims (see Exhibit 3, Plaintiff's Counsel's affidavit, attached to the Joint Motion for Approval); there is no evidence as to any alleged overreaching by the employer during negotiations; and the Settlement is the product of

arms-length, interactive discussions by counsel relating to the merits of the case and advisement of their respective clients.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Parties' Joint Motion for Approval of Settlement is **GRANTED**.
2. Pursuant to the parties' Settlement Agreement, the Court orders that upon receipt of the settlement payment by Mr. Martin per those Agreement terms, Mr. Martin shall dismiss the Complaint in this Litigation with prejudice to the refiling thereof.

**IT IS SO ORDERED**.

DATED: October 30, 2023    */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**